**No. 39919.**—Protest 928610–G of D. H. Armaghanian (New York).

TILSON, Judge: The question involved in this suit is the proper classification of certain imported merchandise upon which duty was levied at 55 percent ad valorem under paragraph 1205 of the Tariff Act of 1930. Plaintiff claims the merchandise to be properly dutiable at only 30 percent under said paragraph 1205, pursuant to the Trade Agreement with Switzerland, published in T. D. 48093, as silk bolting cloth, not specially provided for.

The only witness who testified in this case stated that he had been in the silk and silk bolting cloth business for the past twenty years. This witness also stated without contradiction that, based on his twenty years' experience, the merchandise in this case was silk bolting cloth of pure silk, and unsized, used for passing through liquids or paints or dyes or any liquid or near liquid or in powder form, and many other uses detailed by him; that he buys and sells the merchandise as bolting cloth, or sometimes he sells it as stencil silk, a bolting cloth for stencil. The witness further stated that bolting cloth must be of pure silk, have a certain degree of strength, must be strong, nonsagging, and must stay as tight as physically possible whether wet or dry.

The testimony adduced from this witness on cross-examination did not materially weaken his testimony on direct-examination, as hereinbefore set out. We feel that the testimony is sufficient to make out a *prima facie* case in favor of the plaintiff that this merchandise is in fact silk bolting cloth.

The only bolting cloth which is specially provided for under the Tariff Act of 1930 is bolting cloth composed of silk, imported expressly for milling purposes, and so permanently marked as not to be available for any other use. Since the

# 499

collector did not classify this merchandise under the special provision therefor set out above, we must hold that it is not specially provided for. Being silk bolting cloth, and not being specially provided for, we hold that the merchandise in this case consists of silk bolting cloth, not specially provided for.

As to the description and uses of silk bolting cloth, we quote the following from page 257 of a publication by the United States Tariff Commission entitled "Concessions Granted by the United States in the Trade Agreement with Switzerland:"

*Silk bolting cloths (not for milling). Description and uses.*

Silk bolting cloth is a strong, fine, leno (gauze) fabric, not weighted or bleached, and having a light gum finish * * *.

Silk bolting cloth is used mainly for bolting and sifting flour or for extracting grit from other pulverized materials. In recent years, silk bolting cloth has acquired an additional use, namely, in the "screen" printing of textiles and signs and other ornamental displays. Screen printing is a development of ordinary hand stenciling. The silk bolting cloth is stretched on frames, a separate screen being required for each color in the pattern to be produced. Certain portions of the fabric, according to the design, are stopped or filled with lacquer-like paint or transparent spar varnish, and the properly thickened color is then poured on the screen and forced through the open spaces by means of a rubber squeegee.

Section 350 (a) of the Tariff Act of 1930, as amended by the act of June 12, 1934, provides in part as follows:

The proclaimed duties and other import restrictions shall apply to articles the growth, produce, or manufacture of all foreign countries, whether imported directly, or indirectly:

It therefore appears that the Trade Agreement with Switzerland is applicable to the merchandise in this case, imported from Japan.

We accordingly hold all the merchandise in this case to be properly dutiable at the rate of 30 percent ad valorem under paragraph 1205 of the Tariff Act of 1930, as amended, as claimed by the plaintiff.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.